*EXHIBIT  1*

Skip to Main Content  Logout  My Account  Search Menu  New Civil Search  Refine Search  Back   Location : All Courts   Help

# REGISTER OF ACTIONS
## CASE NO. 2019DCV2555

| Elizabeth Marquez vs TE Connectivity Corporation | § § § § § | Case Type: | **Wrongful Termination** |
| --- | --- | --- | --- |
| | | Date Filed: | **07/08/2019** |
| | | Location: | **346th District Court** |

---

### PARTY INFORMATION

| | | **Lead Attorneys** |
| --- | --- | --- |
| **Defendant** | **TE Connectivity Corporation** | |
| **Plaintiff** | **Marquez, Elizabeth** | **ENRIQUE CHAVEZ, Jr.** |
| | | *Retained* |
| | | 915-351-7772(W) |

---

### EVENTS & ORDERS OF THE COURT

| | OTHER EVENTS AND HEARINGS | | |
| --- | --- | --- | --- |
| 07/08/2019 | **Original Petition (OCA)** Doc ID# 1 | | |
| 07/08/2019 | **E-File Event Original Filing** | | |
| 07/11/2019 | **Citation** | | |
| | TE Connectivity Corporation | Unserved | |
| 09/30/2019 | **Amended Petition** Doc ID# 2 | | |
| 10/11/2019 | **Citation** | | |
| | TE Connectivity Corporation | Served | 10/28/2019 |
| | | Response Due | 11/18/2019 |
| | | Returned | 11/07/2019 |
| 10/22/2019 | **Order Setting Hearing** Doc ID# 3 | | |
| 12/11/2019 | **Scheduling Conference** (9:15 AM) (Judicial Officers Barill, Angie Juarez, Barill, Angie Juarez) | | |

ELIZABETH MARQUEZ,
     Plaintiff,

v.                                   Cause No.

TE CONNECTIVITY CORPORATION,
     Defendant.                       Jury Trial Demanded

## PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

TO THE HONORABLE COURT:

Plaintiff, Elizabeth Marquez ("Employee Marquez" or "Plaintiff"), now files this Original Petition complaining of Defendant TE Connectivity Corporation ("Employer TE Connectivity" or "Defendant"), and respectfully shows as follows:

### I. DISCOVERY LEVEL

1. Discovery is intended to be conducted under level 2 of Rule 190 of the Texas Rules of Civil Procedure.

### II. PARTIES

2. Plaintiff Elizabeth Marquez is a natural person residing in El Paso County, Texas.

3. Defendant TE Connectivity Corporation is a foreign corporation authorized to do business in the State of Texas and may be served with citation by serving its Registered Agent, United Agent Group, Inc., at 2425 W. Loop South #200, Houston, Texas 77027, or wherever it may be found.

### III. VENUE

4. Pursuant to Texas Civil Practice and Remedies Code Section 15.002, venue is proper in El Paso County, Texas because all or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in El Paso, Texas.

## IV. CHRONOLOGY

5. Employers MUST prevent disability discrimination at work to protect employees, like all of us, from financial injuries and emotional trauma.

6. Employers MUST prevent retaliatory job terminations against employees who request a reasonable accommodation for their disability to protect employees, like all of us, from financial injuries and emotional trauma.

7. Employers MUST safely prevent retaliation against employees who report worker's compensation injuries at work to protect employees, like us all, from emotional injuries and from being fired.

8. TE Connectivity Corporation is an employer.

9. Employer TE Connectivity is an employer which MUST prevent disability discrimination at work to protect employees, like all of us, from financial injuries and emotional trauma.

10. Employer TE Connectivity is an employer which MUST prevent retaliatory job terminations against employees who request a reasonable accommodation for their disability to protect employees, like all of us, from financial injuries and emotional trauma.

11. Employer TE Connectivity is an employer which MUST safely prevent retaliation against employees who report worker's compensation injuries at work to protect employees, like us all, from emotional injuries and from being fired.

12. On or about December 18, 2000, Employer TE Connectivity hires an Employee as a Shipper in the Shipping and Receiving Department.

13. On November 7, 2017, Employer TE Connectivity receives notice the Employee has carpal tunnel syndrome and nerve pain in her right arm as a result of repeatedly moving heavy boxes for Employer TE Connectivity.

14. On November 7, 2017, Employer TE Connectivity Human Resources and Employer TE Connectivity Manager Darlene Lehman receive the Employee's request for a reasonable accommodation for the Employee's disability -- carpal tunnel syndrome and nerve pain in her right arm -- in the form of a medical restriction against lifting more than 20 pounds.

15. Employer TE Connectivity refuses to accommodate the Employee, even though Employer TE Connectivity accommodates lifting restrictions for other employees in the same position.

16. On or about November 10, 2017, Employer TE Connectivity is aware it has several positions where it can accommodate the Employee's restrictions.

17. On or about November 10, 2017, Employer TE Connectivity is aware it can accommodate the Employee in the Quality Department, because the Quality Department does not require heavy lifting.

18. On November 10, 2017, Employer TE Connectivity tells the Employee that Employer TE Connectivity does not accommodate employees' permanent restrictions.

19. On November 10, 2017, Employer TE Connectivity terminates the Employee.

20. On or about November 13, 2017, Employer Connectivity receives notice the Employee files a Worker's Compensation claim regarding her carpal tunnel syndrome and nerve pain in her right arm.

21. On or about June 28, 2018, Employer TE Connectivity receives notice the Employee filed a Charge of Discrimination with the EEOC against Employer TE Connectivity.

22. On November 7, 2018, Employer TE Connectivity HR Solutions Partner Linda Pawlowski sends a termination letter to the Employee.

23. Employer TE Connectivity terminates the Employee for being disabled, for requesting a reasonable accommodation, and for filing a worker's compensation claim.

24. That Employee is Elizabeth Marquez.

## V. CAUSES OF ACTION

<u>Disability Discrimination and Retaliation</u>

25. Plaintiff was discriminated, retaliated against, and fired in violation of the Texas Commis-

    sion on Human Rights Act, codified at Texas Labor Code Chapter 21, which protects dis-

    abled employees from discrimination, as well as the Americans with Disabilities Act of 1990,

    as amended by the Americans with Disabilities Amendments Act of 2008.

26. All conditions precedent to the filing of this action have occurred or have been fulfilled.

<u>Worker's Compensation Retaliation</u>

27. Plaintiff was retaliated against in violation of Texas Labor Code §451.001 *et seq.* because she

    engaged in protected activities under the Texas Worker's Compensation Act.

## VI. DAMAGES

28. As a direct and proximate result of Defendant's retaliation and conduct against Plaintiff as

    described above, Plaintiff has suffered harms and losses. Plaintiff's harms and losses include

    in the past and the future: lost wages and benefits; employment opportunities; lost income;

    loss of earning capacity; mental anguish; emotional pain and suffering; inconvenience; loss

    of enjoyment of life; and other non-pecuniary losses.

## VII. JURY DEMAND

29. Plaintiff requests that this case be decided by a jury as allowed by Texas Rule of Civil Proce-

    dure 216.

## VIII. REQUEST FOR DISCLOSURE

30. Pursuant to Texas Rule of Civil Procedure 194, Defendant is requested to disclose the infor-

    mation and material described in Rule 194.2(a)-(k).

## IX. PRAYER

31. Plaintiff prays that she recover from Defendant actual damages over $200,000.00 but not more than $1,000,000.00, including but not limited to pain and suffering, bodily injury, mental anguish, impairment, inconvenience, loss of enjoyment of life, lost wages and benefits, loss of earning capacity, punitive damages, prejudgment and post judgment interest as allowed by law, attorneys fees, costs of suit, and such other and further relief to which Plaintiff may be justly entitled in law and in equity.

**SIGNED** on this July 8, 2019.

Respectfully submitted,

Chavez Law Firm
2101 North Stanton Street
El Paso, Texas 79902
(915) 351-7772
(915) 351-7773 facsimile

By:

Enrique Chavez, Jr. / State Bar No.: 24001873
enriquechavezjr@chavezlawpc.com
Michael R. Anderson / State Bar No. 24087103
chavezlawfirm+manderson@chavezlawp.com
*Attorneys for Plaintiff*

# Exhibit A

EEOC Form 161 (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To: **Elizabeth Marquez**
**105 Comerciantes Blvd., Apt 349**
**Santa Teresa, NM 88008**

From: **El Paso Area Office**
**100 N. Stanton St.**
**6th Floor, Suite 600**
**El Paso, TX 79901**

| | On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a)) |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **453-2018-01367** | **Jessie E. Moreno,** **Investigator** | **(915) 534-4528** |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

| | The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC. |
| | Your allegations did not involve a disability as defined by the Americans With Disabilities Act. |
| | The Respondent employs less than the required number of employees or is not otherwise covered by the statutes. |
| | Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge |
| X | The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge. |
| | The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge. |
| | Other (briefly state) |

### - NOTICE OF SUIT RIGHTS -

*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

**Lucy V. Orta,**
**Area Office Director**

JUN 2 5 2019

*(Date Mailed)*

Enclosures(s)

cc:
**Jill Fuchs**
**Legal Assistant**
**TE Connectivity**
**PO Box 3608, MS 038-093**
**Harrisburg, PA 17105**

Enclosure with EEOC
Form 161 (11/16)

### INFORMATION RELATED TO FILING SUIT
### UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS**   --   **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days of the date you *receive* this Notice**. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS**   --   **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice *and* within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION**   --   **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE**   --   **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

**NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA):** The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

<u>**If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.**</u>

**"Actual" disability or a "record of" a disability (note: if you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability):**

  ➢ **The limitations from the impairment no longer have to be severe or significant** for the impairment to be considered substantially limiting.
  ➢ In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities" now include the operation of major bodily functions**, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system**.**
  ➢ **Only one** major life activity need be substantially limited.
  ➢ With the exception of ordinary eyeglasses or contact lenses, **the beneficial effects of "mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.
  ➢ An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or **"in remission"** (e.g., cancer) is a disability if it **would be substantially limiting when active**.
  ➢ An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months**.

**"Regarded as" coverage:**

  ➢ An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).
  ➢ "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.
  ➢ The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively *BOTH* transitory (lasting or expected to last six months or less) *AND* minor.
  ➢ A person is not able to bring a failure to accommodate claim *if* the individual is covered only under the "regarded as" definition of "disability."

*Note: Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability.* For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.

# THE STATE OF TEXAS

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you, or your attorney, do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO: **TE Connectivity Corporation**, who may be served with process at, 2425 W. Loop South #200, Houston, TX 77027.

Greetings:

You are hereby commanded to appear by filing a written answer to the Plaintiff's Original Petition and Request for Disclosure at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable **346th Judicial District Court,** El Paso County, Texas, at the Court House of said County in El Paso, Texas.

Said Plaintiff's Petition was filed in said court on this the 8th day of July, 2019, by Attorney at Law, ENRIQUE CHAVEZ, JR. 2101 N. STANTON ST., EL PASO, TX 79902 in this case numbered **2019DCV2555** on the docket of said court, and styled:

**Elizabeth Marquez**
**vs**
**TE Connectivity Corporation**

The nature of Plaintiff's demand is fully shown by a true and correct copy of the Plaintiff's Original Petition and Request for Disclosure accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at El Paso, Texas, on this the 11th day of July, 2019.

Attest: NORMA FAVELA BARCELEAU, District Clerk, El Paso County, Texas.

CLERK OF THE COURT
**NORMA FAVELA BARCELEAU**
District Clerk
El Paso County Courthouse
500 E. San Antonio Ave, RM 103
El Paso Texas, 79901

By _____, Deputy
Clarisa Aguirre

ATTACH
RETURN RECEIPTS
WITH
ADDRESSEE'S SIGNATURE

Rule 106 (a) (2) the citation shall be served by mailing to the defendant by Certified Mail Return receipt requested, a true copy of the citation. Sec. 17.027 Rules of Civil Practice and Remedies Code if not prepared by Clerk of Court.

CERTIFICATE OF DELIVERY BY MAIL

I hereby certify that on the _____ day of _____, 2019, at _____ I mailed to _____

Defendant(s) by registered mail or certified mail with delivery restricted to addressee only, return receipt requested, a true copy of this citation with a copy of the Plaintiff's Original Petition and Request for Disclosure attached thereto.

*NAME OF PREPARER                    TITLE

ADDRESS

CITY                STATE            ZIP

_____

_____
TITLE

## RETURN OF SERVICE

Delivery was completed on _____, delivered to_____

_____ as evidence by Domestic Return Receipt PS Form 3811

attached hereto.

     The described documents were not delivered to the named recipient. The certified mail envelope was returned

undelivered marked _____.

     This forwarding address was provided:_____


El Paso County, Texas

By:_____
           Deputy District Clerk

OR

_____
          Name of Authorized Person

By:_____


## VERIFICATION BY AUTHORIZED PERSON

State of Texas

County of El Paso

     Before me, a notary public, on this day personally appeared _____, known to me to be the person

whose name is subscribed to the foregoing Return of Service, and being by me first duly sworn, declared, "I am

disinterested party qualified to make an oath of that fact and statements contained in the Return of Service and true and

correct."


Subscribed and sworn to be on this _____ day

of _____, _____.


_____
Notary Public, State of _____
My commission expires:_____

Norma Favela Barceleau
District Clerk
El Paso County
2019DCV2555

## IN THE 346TH JUDICIAL DISTRICT COURT
## EL PASO COUNTY, TEXAS

ELIZABETH MARQUEZ,
    Plaintiff,

v.                                   Cause No. 2019-DCV-2555

TE CONNECTIVITY CORPORATION,
    Defendant.                         Jury Trial Demanded

### PLAINTIFF'S FIRST AMENDED PETITION AND REQUEST FOR DISCLOSURE

TO THE HONORABLE COURT:

Plaintiff, Elizabeth Marquez ("Employee Marquez" or "Plaintiff"), now files this First Amended Petition complaining of Defendant TE Connectivity Corporation ("Employer TE Connectivity" or "Defendant"), and respectfully shows as follows:

### I. DISCOVERY LEVEL

1. Discovery is intended to be conducted under level 2 of Rule 190 of the Texas Rules of Civil Procedure.

### II. PARTIES

2. Plaintiff Elizabeth Marquez is a natural person residing in El Paso County, Texas.

3. Defendant TE Connectivity Corporation is a foreign corporation authorized to do business in the State of Texas and may be served with citation by serving its Registered Agent, United Agent Group, Inc., at 5444 Westheimer #1000, Houston, Texas 77056, or wherever it may be found.

### III. VENUE

4. Pursuant to Texas Civil Practice and Remedies Code Section 15.002, venue is proper in El Paso County, Texas because all or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in El Paso, Texas.

## IV. CHRONOLOGY

5. Employers MUST prevent disability discrimination at work to protect employees, like all of us, from financial injuries and emotional trauma.

6. Employers MUST prevent retaliatory job terminations against employees who request a reasonable accommodation for their disability to protect employees, like all of us, from financial injuries and emotional trauma.

7. Employers MUST safely prevent retaliation against employees who report worker's compensation injuries at work to protect employees, like us all, from emotional injuries and from being fired.

8. TE Connectivity Corporation is an employer.

9. Employer TE Connectivity is an employer which MUST prevent disability discrimination at work to protect employees, like all of us, from financial injuries and emotional trauma.

10. Employer TE Connectivity is an employer which MUST prevent retaliatory job terminations against employees who request a reasonable accommodation for their disability to protect employees, like all of us, from financial injuries and emotional trauma.

11. Employer TE Connectivity is an employer which MUST safely prevent retaliation against employees who report worker's compensation injuries at work to protect employees, like us all, from emotional injuries and from being fired.

12. On or about December 18, 2000, Employer TE Connectivity hires an Employee as a Shipper in the Shipping and Receiving Department.

13. On November 7, 2017, Employer TE Connectivity receives notice the Employee has carpal tunnel syndrome and nerve pain in her right arm as a result of repeatedly moving heavy boxes for Employer TE Connectivity.

14. On November 7, 2017, Employer TE Connectivity Human Resources and Employer TE Connectivity Manager Darlene Lehman receive the Employee's request for a reasonable accommodation for the Employee's disability -- carpal tunnel syndrome and nerve pain in her right arm -- in the form of a medical restriction against lifting more than 20 pounds.

15. Employer TE Connectivity refuses to accommodate the Employee, even though Employer TE Connectivity accommodates lifting restrictions for other employees in the same position.

16. On or about November 10, 2017, Employer TE Connectivity is aware it has several positions where it can accommodate the Employee's restrictions.

17. On or about November 10, 2017, Employer TE Connectivity is aware it can accommodate the Employee in the Quality Department, because the Quality Department does not require heavy lifting.

18. On November 10, 2017, Employer TE Connectivity tells the Employee that Employer TE Connectivity does not accommodate employees' permanent restrictions.

19. On November 10, 2017, Employer TE Connectivity terminates the Employee.

20. On or about November 13, 2017, Employer Connectivity receives notice the Employee files a Worker's Compensation claim regarding her carpal tunnel syndrome and nerve pain in her right arm.

21. On or about June 28, 2018, Employer TE Connectivity receives notice the Employee filed a Charge of Discrimination with the EEOC against Employer TE Connectivity.

22. On November 7, 2018, Employer TE Connectivity HR Solutions Partner Linda Pawlowski sends a termination letter to the Employee.

23. Employer TE Connectivity terminates the Employee for being disabled, for requesting a reasonable accommodation, and for filing a worker's compensation claim.

24. That Employee is Elizabeth Marquez.

## V. CAUSES OF ACTION

<u>Disability Discrimination and Retaliation</u>

25. Plaintiff was discriminated, retaliated against, and fired in violation of the Texas Commission on Human Rights Act, codified at Texas Labor Code Chapter 21, which protects disabled employees from discrimination, as well as the Americans with Disabilities Act of 1990, as amended by the Americans with Disabilities Amendments Act of 2008.

26. All conditions precedent to the filing of this action have occurred or have been fulfilled.

<u>Worker's Compensation Retaliation</u>

27. Plaintiff was retaliated against in violation of Texas Labor Code §451.001 *et seq.* because she engaged in protected activities under the Texas Worker's Compensation Act.

## VI. DAMAGES

28. As a direct and proximate result of Defendant's retaliation and conduct against Plaintiff as described above, Plaintiff has suffered harms and losses. Plaintiff's harms and losses include in the past and the future: lost wages and benefits; employment opportunities; lost income; loss of earning capacity; mental anguish; emotional pain and suffering; inconvenience; loss of enjoyment of life; and other non-pecuniary losses.

## VII. JURY DEMAND

29. Plaintiff requests that this case be decided by a jury as allowed by Texas Rule of Civil Procedure 216.

## VIII. REQUEST FOR DISCLOSURE

30. Pursuant to Texas Rule of Civil Procedure 194, Defendant is requested to disclose the information and material described in Rule 194.2(a)-(k).

## IX. PRAYER

31. Plaintiff prays that she recover from Defendant actual damages over $200,000.00 but not more than $1,000,000.00, including but not limited to pain and suffering, bodily injury, mental anguish, impairment, inconvenience, loss of enjoyment of life, lost wages and benefits, loss of earning capacity, punitive damages, prejudgment and post judgment interest as allowed by law, attorneys fees, costs of suit, and such other and further relief to which Plaintiff may be justly entitled in law and in equity.

**SIGNED** on this September 30, 2019.

Respectfully submitted,

Chavez Law Firm
2101 North Stanton Street
El Paso, Texas 79902
(915) 351-7772
(915) 351-7773 facsimile

By: *Michael R. Anderson*

Enrique Chavez, Jr. / State Bar No.: 24001873
enriquechavezjr@chavezlawpc.com
Michael R. Anderson / State Bar No. 24087103
chavezlawfirm+manderson@chavezlawp.com
*Attorneys for Plaintiff*

# Exhibit A

EEOC Form 161 (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To:  **Elizabeth Marquez**
**105 Comerciantes Blvd., Apt 349**
**Santa Teresa, NM 88008**

From:  **El Paso Area Office**
**100 N. Stanton St.**
**6th Floor, Suite 600**
**El Paso, TX 79901**

| | On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a)) |
|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **453-2018-01367** | **Jessie E. Moreno,** Investigator | **(915) 534-4528** |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[  ]  The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[  ]  Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[  ]  The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[  ]  Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X]  The EEOC issues the following determination:  Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.  This does not certify that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this charge.

[  ]  The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[  ]  Other *(briefly state)*

## - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

**Lucy V. Orta,**
**Area Office Director**

JUN 2 5 2019

*(Date Mailed)*

Enclosures(s)

cc:  **Jill Fuchs**
**Legal Assistant**
**TE Connectivity**
**PO Box 3608, MS 038-093**
**Harrisburg, PA 17105**

Enclosure with EEOC
Form 161 (11/16)

### INFORMATION RELATED TO FILING SUIT
### UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS   --**   **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA),**
**the Genetic Information Nondiscrimination Act (GINA), or the Age**
**Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days of the date you *receive* this Notice**. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS   --   Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION   --   Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE   --   All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

**NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA):**   The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

**If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.**

**"Actual" disability or a "record of" a disability (note: if you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability):**

- ➢ **The limitations from the impairment no longer have to be severe or significant** for the impairment to be considered substantially limiting.
- ➢ In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities" now include the operation of major bodily functions**, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system**.**
- ➢ **Only one** major life activity need be substantially limited.
- ➢ With the exception of ordinary eyeglasses or contact lenses, **the beneficial effects of "mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.
- ➢ An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or **"in remission"** (e.g., cancer) is a disability if it **would be substantially limiting when active**.
- ➢ An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months**.

**"Regarded as" coverage:**

- ➢ An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).
- ➢ "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.
- ➢ The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively *BOTH* transitory (lasting or expected to last six months or less) *AND* minor.
- ➢ A person is not able to bring a failure to accommodate claim *if* the individual is covered only under the "regarded as" definition of "disability."

*Note:   Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment.   Beyond the initial pleading stage, some courts will require specific evidence to establish disability.*   For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.

# THE STATE OF TEXAS

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you, or your attorney, do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO: **TE Connectivity Corporation**, which may be served with process by serving its registered agent, **United Agent Group Inc.at 5444 Westheimer #1000, Houston, TX 77056.**

Greetings:

You are hereby commanded to appear by filing a written answer to the Plaintiff's Amended Petition at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable **346th Judicial District Court**, El Paso County, Texas, at the Court House of said County in El Paso, Texas.

Said Plaintiff's Petition was filed in said court on this the 30th day of September, 2019, by Attorney at Law ENRIQUE CHAVEZ, JR. 2101 N STANTON ST EL PASO TX 79902 in this case numbered **2019DCV2555** on the docket of said court, and styled:

**Elizabeth Marquez**
**vs**
**TE Connectivity Corporation**

The nature of Plaintiff's demand is fully shown by a true and correct copy of the **Plaintiff's First Amended Petition and Request for Disclosure** accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at El Paso, Texas, on this the 11th day of October, 2019.

Attest: NORMA FAVELA BARCELEAU, District Clerk, El Paso County, Texas.

CLERK OF THE COURT
**NORMA FAVELA BARCELEAU**
District Clerk
El Paso County Courthouse
500 E. San Antonio Ave, RM 103
El Paso Texas, 79901

By _____, Deputy
Clarisa Aguirre

ATTACH
RETURN RECEIPTS
WITH
ADDRESSEE'S SIGNATURE
Rule 106 (a) (2) the citation shall be served by mailing to the defendant by Certified Mail Return receipt requested, a true copy of the citation. Sec. 17.027 Rules of Civil Practice and Remedies Code if not prepared by Clerk of Court.

CERTIFICATE OF DELIVERY BY MAIL

I hereby certify that on the _____ day of _____, 2019, at _____ I mailed to _____

Defendant(s) by registered mail or certified mail with delivery restricted to addressee only, return receipt requested, a true copy of this citation with a copy of the **Plaintiff's First Amended Petition and Request for Disclosure** attached thereto.

| *NAME OF PREPARER | TITLE |
| --- | --- |
| ADDRESS | |
| CITY | STATE | ZIP |

_____

_____
TITLE

**RETURN OF SERVICE**

Delivery was completed on _____, delivered to_____

_____ as evidence by Domestic Return Receipt PS Form 3811

attached hereto.

     The described documents were not delivered to the named recipient. The certified mail envelope was returned

undelivered marked _____.

     This forwarding address was provided:_____


                      El Paso County, Texas

By:_____

                      Deputy District Clerk

                         OR

_____

                  Name of Authorized Person

By:_____


**VERIFICATION BY AUTHORIZED PERSON**

State of Texas

County of El Paso

     Before me, a notary public, on this day personally appeared _____, known to me to be the person

whose name is subscribed to the foregoing Return of Service, and being by me first duly sworn, declared, "I am

disinterested party qualified to make an oath of that fact and statements contained in the Return of Service and true and

correct."


                Subscribed and sworn to be on this _____ day

                of _____, _____.


                _____

                Notary Public, State of _____

                My commission expires:_____

**RETURN OF SERVICE**

Delivery was completed on _October 25, 2019_____, delivered to _TE Connectivity Corporation_
_c/o United Agent Group Inc._____ as evidence by Domestic Return Receipt PS Form 3811
attached hereto.

      The described documents were not delivered to the named recipient. The certified mail envelope was returned
undelivered marked _____.

      This forwarding address was provided:_____

 

El Paso County, Texas

By:_____
            Deputy District Clerk

OR

_____
            Name of Authorized Person

By:____ _PSC 8088; exp 2-29-20_
            _PO Box 920574_
            _El Paso, TX 79902_

**VERIFICATION BY AUTHORIZED PERSON**

State of Texas

County of El Paso

      Before me, a notary public, on this day personally appeared _Gary Vega_____, known to me to be the person
whose name is subscribed to the foregoing Return of Service, and being by me first duly sworn, declared, "I am
disinterested party qualified to make an oath of that fact and statements contained in the Return of Service and true and
correct."

Subscribed and sworn to be on this _4_ day
of _Nov_____, _2019_.

_____
Notary Public, State of _TX_

My commission expires:_12-6-20_

FILED
NORMA FAVELA BARCELEAU
DISTRICT CLERK
2019 NOV -7  PM 3:13
EL PASO COUNTY TEXAS
BY_____ DEPUTY

# THE STATE OF TEXAS

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you, or your attorney, do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO:  **TE Connectivity Corporation**, which may be served with process by serving its registered agent, **United Agent Group Inc.at  5444 Westheimer #1000,  Houston, TX  77056.**

Greetings:

You are hereby commanded to appear by filing a written answer to the Plaintiff's Amended Petition at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable **346th Judicial District Court,** El Paso County, Texas, at the Court House of said County in El Paso, Texas.

Said Plaintiff's Petition was filed in said court on this the 30th day of September, 2019, by Attorney at Law ENRIQUE CHAVEZ, JR. 2101 N STANTON ST  EL PASO TX  79902 in this case numbered **2019DCV2555** on the docket of said court, and styled:

**Elizabeth Marquez**
**vs**
**TE Connectivity Corporation**

The nature of Plaintiff's demand is fully shown by a true and correct copy of the **Plaintiff's First Amended Petition and Request for Disclosure** accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at El Paso, Texas, on this the 11th day of October, 2019.

Attest:  NORMA FAVELA BARCELEAU, District Clerk, El Paso County, Texas.

CLERK OF THE COURT
**NORMA FAVELA BARCELEAU**
District Clerk
El Paso County Courthouse
500 E. San Antonio Ave, RM 103
El Paso Texas, 79901

By _____, Deputy
Clarisa Aguirre

ATTACH
RETURN RECEIPTS
WITH
ADDRESSEE'S SIGNATURE
Rule 106 (a) (2) the citation shall be served by mailing to the defendant by Certified Mail Return receipt requested, a true copy of the citation. Sec. 17.027 Rules of Civil Practice and Remedies Code if not prepared by Clerk of Court.

CERTIFICATE OF DELIVERY BY MAIL

I hereby certify that on the _21_ day of _October_, 2019, at _4:00 PM_ I mailed to _TE Connectivity Corporation c/o United Agent Group Inc._

Defendant(s) by registered mail or certified mail with delivery restricted to addressee only, return receipt requested, a true copy of this citation with a copy of the **Plaintiff's First Amended Petition and Request for Disclosure** attached thereto.

_____
_Process Server_
TITLE

| *NAME OF PREPARER | | TITLE |
|---|---|---|
| **ADDRESS** | | |
| CITY | STATE | ZIP |

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

HOUSTON, TX 77056 OFFICIAL USE

| | |
|---|---|
| Certified Mail Fee $3.50 | $2.80 0093 |
| Extra Services & Fees (check box, add fee as appropriate) | 99 |
| ☐ Return Receipt (hardcopy) $ $0.00 | |
| ☐ Return Receipt (electronic) $ $0.00 | OCT 21 2019 |
| ☐ Certified Mail Restricted Delivery $ $0.00 | Postmark |
| ☐ Adult Signature Required $ $0.00 | Here |
| ☐ Adult Signature Restricted Delivery $ | |
| Postage $1.30 | |
| Total Postage and Fees $ $7.60 | 10/21/2019 |

Sent To TE Connectivity Corporation
Street and Apt. No., or PO Box No. c/o United Agent Group Inc.
5444 Westheimer #100
City, State, ZIP+4® Houston, TX 77056

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions

Article number: 7017 1070 0000 6610 2170

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

TE Connectivity Corporation
c/o United Agent Group Inc.
5444 Westheimer #1000
Houston, TX 77056

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent
                        ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
                                10-26-19

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

3. Service Type
   ☐ Certified Mail®         ☐ Priority Mail Express™
   ☐ Registered             ☐ Return Receipt for Merchandise
   ☐ Insured Mail           ☐ Collect on Delivery
4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)   7017 1070 0000 6610 2170

PS Form 3811, July 2013          Domestic Return Receipt

El Paso County - 346th District Court
Case 3:19-cv-00341-KC   Document 1-1   Filed 11/25/19   Page 28 of 33

Filed 11/25/2019 2:54 PM
Norma Favela Barceleau
District Clerk
El Paso County
2019DCV2555

## CAUSE NO. 2019DCV2555

| | | |
|---|---|---|
| **ELIZABETH MARQUEZ,** | § | **IN THE DISTRICT COURT** |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| **v.** | § | **346th JUDICIAL DISTRICT** |
| | § | |
| **TE CONNECTIVITY CORPORATION,** | § | |
| | § | |
| *Defendant.* | § | **EL PASO COUNTY, TEXAS** |

## DEFENDANT'S ORIGINAL ANSWER, AFFIRMATIVE AND OTHER DEFENSES

Defendant TE CONNECTIVITY CORPORATION ("Defendant") files this Original Answer, Affirmative and Other Defenses to the Original Petition filed by Plaintiff ELIZABETH MARQUEZ ("Plaintiff"), subject to any removal pleadings, as follows:

### I.     GENERAL DENIAL

Pursuant to Texas Rule of Civil Procedure 92, Defendant generally and specifically denies each and every allegation contained in Plaintiff's Original Petition and any amendment or supplement thereto, and demands strict proof thereof. With respect to any claim by Plaintiff for punitive damages, Defendant demands strict proof thereof by clear and convincing evidence.

### II.     AFFIRMATIVE AND OTHER DEFENSES

Without assuming any burden of proof that would otherwise rest with Plaintiff, Defendant asserts the following defenses, including affirmative defenses, as follows:

1.     Plaintiff's damages, if any, are barred in whole or in part by the doctrines of estoppel, unclean hands, and/or after-acquired evidence.

2.      Without conceding Plaintiff has suffered any damages because of any alleged wrongdoing by Defendant, Plaintiff has failed to mitigate or minimize the alleged damages and is therefore barred, in whole or in part, from the recovery of damages.

3.      Defendant is entitled to an offset for any earnings since Plaintiff's employment ended, including payments received from insurance carriers, workers' compensation benefits, or unemployment compensation benefits.

4.      Plaintiff's claims for compensatory and punitive/exemplary damages are capped or limited by applicable law, including Chapter 41 of the Texas Civil Practice and Remedies Code and common law.

5.      All employment decisions made regarding or affecting Plaintiff were based upon legitimate, non-discriminatory, and non-retaliatory reasons.

6.      Plaintiff's claims for exemplary damages are barred because the alleged acts or omissions of Defendant, even if proven, do not rise to a level required to sustain an award of exemplary damages and do not evidence malicious, reckless or fraudulent intent to deny Plaintiff's protected rights, and are not so wanton and willful as to support an award of exemplary damages.

7.      Plaintiff's claims for exemplary damages are barred to the extent that the imposition of exemplary damages would constitute a denial of due process under the United States Constitution and the Constitution of the State of Texas.

8.      Defendant engaged in good faith efforts to comply with all applicable laws. Moreover, the conduct complained of by Plaintiff, if performed or carried out, was performed or carried out in good faith based upon reasonable grounds for believing such conduct was not in violation of state or federal law, and therefore, Plaintiff fails to state a claim for punitive or exemplary damages.

9.     With respect to some or all of Plaintiff's claims, the Petition fails to state a claim upon which relief may be granted.

10.     At all times during Plaintiff's employment, Plaintiff was employed at-will and could be discharged with or without notice and with or without cause. There were no contracts or agreements that altered Plaintiff's at-will employment status.

11.     Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to exhaust administrative remedies.

12.     Plaintiff's claims are barred, in whole or in part, to the extent they exceed the scope or are inconsistent with any charge(s) of discrimination Plaintiff filed with the EEOC or Texas Workforce Commission.

13.     As a result of Plaintiff's unreasonable delay in asserting Plaintiff's rights, Defendant has suffered a good faith change of position to Defendant's detriment. Therefore, whatever right Plaintiff might otherwise have had to bring a timely action against Defendant is barred by laches.

14.     Plaintiff was not a qualified individual with a disability within the meaning of the Americans with Disabilities Act (ADA) or the Texas Labor Code during the relevant time period.

15.     Plaintiff's Petition fails to state a cause of action upon which relief may be granted because Plaintiff failed to notify Defendant of the existence of a disability as that term is defined in the ADA or Texas Labor Code.

16.     Plaintiff did not engage in the requisite protected conduct necessary to establish a retaliation claim.

17.     If any improper, illegal, discriminatory, or retaliatory actions were taken by any of Defendant's employees against Plaintiff (which Defendant denies), they were outside the course

and scope of that employee's employment, contrary to Defendant's policies, and were not ratified, confirmed, or approved by Defendant. Thus, any such actions cannot be attributed or imputed to Defendant.

18.     Plaintiff's claims fail because Defendant exercised reasonable care to prevent and remediate promptly any unlawful behavior and Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendant or to avoid harm otherwise.

19.     Plaintiff's claims are barred, in whole or in part, because Defendant would have taken the same action in the absence of any alleged impermissible motivating factor(s).

20.     Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

21.     Defendant specifically reserves the right to assert any other appropriate defenses to Plaintiff's claims as the need for such defenses becomes known.

### III.     PRAYER FOR RELIEF

**WHEREFORE,** Defendant respectfully requests that this Court dismiss Plaintiff's Original Petition with prejudice and that Defendant be awarded Defendant's costs, attorneys' fees, and any other relief to which Defendant may be entitled.

DEFENDANT'S ORIGINAL ANSWER AND DEFENSES                                    PAGE 4

Respectfully submitted,

**OGLETREE, DEAKINS, NASH, SMOAK
  & STEWART, P.C.**

*/s/ Derek T. Rollins*
Derek T. Rollins
Texas Bar No. 24058079
Derek.Rollins@ogletree.com
Corey E. Tanner
Texas Bar No. 24071193
Corey.Tanner@ogletree.com
301 Congress Avenue, Suite 1150
Austin, TX 78701
Telephone: (512) 344-4700
Fax: (512) 344-4701

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I certify that on this 15th day of November, 2019, a true copy of the foregoing *"Defendant's Original Answer, Affirmative and Other Defenses"* has been served through the Texas E-filing system on the following counsel of record:

Enrique Chavez, Jr.
*enriquechavezjr@chavezlawpc.com*
Michael R. Anderson
*chavezlawfirm+manderson@chavezlawpc.com*
Chavez Law Firm
2101 North Stanton Street
El Paso, Texas  79902
*Attorneys for Plaintiff*

*/s/ Derek T. Rollins*
Derek Rollins

40640103.1

Norma Favela Barceleau
District Clerk
El Paso County
2019DCV2555

IN THE 346TH DISTRICT COURT OF EL PASO COUNTY, TEXAS

ELIZABETH MARQUEZ

VS

CAUSE NO. 2019DCV2555

TE CONNECTIVITY CORPORATION

### ORDER SETTING HEARING

It is hereby ordered that the Court has set a <u>SCHEDULING CONFERENCE</u> in the above-entitled and numbered Cause for **December 11, 2019** at 9:15 AM in the 346th District Court located at 500 E. San Antonio, Room 701, El Paso, Texas, 79901.

If the above referenced case has already been settled, tried or dismissed, please notify my Court Coordinator, Ashley Calderon, upon receipt of this order.

**SIGNED** 10/21/2019

_____

Angie Juarez Barill, Judge

**NOTIFY ALL PARTIES**
**Notice:**
ENRIQUE CHAVEZ, Jr.                            915-351-7773