IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

ELIZABETH MARQUEZ,
    Plaintiff,

v.                                                                Cause No. 3:19-cv-00341-KC

TE CONNECTIVITY CORPORATION,
    Defendant.

## **PLAINTIFF'S MOTION IN LIMINE**

      Plaintiff Elizabeth Marquez now files this Motion in Limine, pursuant to Local Rules.

1.     Any statement that this lawsuit is frivolous.

Agree: _____    Sustained: _____    Denied: _____

2.     Any statement or testimony concerning any other claims, lawsuits and/or settlements filed by Plaintiff.

Agree: _____    Sustained: _____    Denied: _____

3.     Any reference to superseded pleadings.

Agree: _____    Sustained: _____    Denied: _____

4.     Any reference that litigation or judgment against Defendant will cause employers or companies to leave El Paso.

Agree: _____    Sustained: _____    Denied: _____

5.     Any reference that litigation or judgment against Defendant will cause employers or companies not to come to El Paso.

Agree: _____    Sustained: _____    Denied: _____

6.     Any reference to evidence Defendant did not produce during pretrial discovery before the Court's discovery deadline.

Agree: _____    Sustained: _____    Denied: _____

7.	Any reference to any expert testimony or opinion Defendant did not disclose before the Court's discovery deadline. Defendant should not be permitted to offer any opinion from any expert it did not disclose before the Court's discovery deadline.

Agree: _____	Sustained: _____	Denied: _____

8.	Any evidence from a defense expert witness who was not identified as a testifying expert in responses to interrogatories and not designated by the time specified in the pretrial order or local rule. *Coastal Fuels of P.R., Inc. v. Caribbean Petroleum Corp.*, 79 F.3d 182, 202-03 (1st Cir. 1996); *see Alldread v. City of Grenada*, 988 F.2d 1425, 1435-36 (5th Cir. 1993).

Agree: _____	Sustained: _____	Denied: _____

9.	Any witness Defendant did not identify in their disclosures or answers to interrogatories, and any documents they did not produce in response to discovery.

Agree: _____	Sustained: _____	Denied: _____

10.	Any reference to other lawsuits, claims, judgments or settlements by any witness.
Agree: _____	Sustained: _____	Denied: _____

11.	Any reference to bankruptcy by any witness or entity associated with any witness on grounds of irrelevance and unfair prejudice under Rule 403.

Agree: _____	Sustained: _____	Denied: _____

12.	Any attempt to elicit testimony from Plaintiff about communications with her lawyer(s).

Agree: _____	Sustained: _____	Denied: _____

13. Any evidence, statement or comment that Plaintiff was an "at-will" employee because Plaintiff's status as an at will employee is of absolutely no relevance in a claim brought under Title VII. *See Fadeyi v. Planned Parenthood Assoc. of Lubbock, Inc.*, 160 F.3d 1048, 1051-52 (5th Cir.1998) (explaining that there are "several statutory exceptions to the at-will doctrine to protect at-will employees from discriminatory practices in the workplace, most notably a prohibition against discharging an individual based on race, color, disability, religion, sex, national origin or age" and that "even though an at-will employee can be fired for good cause, bad cause, or no cause at all, **he** or **she cannot be fired for an illicit cause**.").

Agree: _____    Sustained: _____    Denied: _____

14. Any information concerning the circumstances or reasons for separation of Plaintiff from previous and subsequent employers. Such information could not possibly be relevant to establishing a causal nexus or rebutting a causal nexus as to why this Defendant, in the case at bar, terminated Plaintiff. Allowing such information in evidence would force Plaintiff to present evidence as to the reasons why she separated herself from other employers or why other employers separated Plaintiff from its/their employment, resulting in splintering of this trial into mini-trials against other alleged wrong-doers. Such information would, aside from being irrelevant, unnecessarily lengthen the trial by forcing Plaintiff to present evidence and or make offers of proof in rebuttal. F.R.E. 401, 403, 404.

Agree: _____    Sustained: _____    Denied: _____

15. Any attempt to elicit information or testimony about alleged crimes of Elizabeth Marquez that did not result in convictions. Defendant should not be permitted to attack the credibility of Elizabeth Marquez for alleged crimes she may have been accused of more than ten years ago that did not result in a conviction as set forth in Rule 609 of the Federal Rules of Evidence.

Agree: _____    Sustained: _____    Denied: _____

16. Any attempt to elicit information or testimony about an arrest or arrests of Elizabeth Marquez that did not result in convictions. Defendant should not be permitted to attack the credibility of Elizabeth Marquez for alleged crimes that did not result in a conviction as set forth in Rule 609 of the Federal Rules of Evidence.

Agree: _____   Sustained: _____   Denied: _____

**SIGNED** on March 3, 2022.

Respectfully submitted,

**Chavez Law Firm**
2101 N. Stanton Street
El Paso, Texas 79902
915/351-7772

By: _____
Enrique Chavez, Jr., State Bar No. 24001873
enriquechavezjr@chavezlawpc.com

*Attorneys for Plaintiff*