UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

ELIZABETH MARQUEZ,
    Plaintiff,
v.                                                           Cause No. 3:19-cv-00341-KC

TE CONNECTIVITY CORPORATION,
    Defendant.

<u>PLAINTIFF'S TRIAL BRIEF AND MEMORANDUM OF LAW</u>

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

       Plaintiff Elizabeth Marquez ("Plaintiff") now files this Trial Brief and Memorandum of Law to assist the Court on the legal issues which will likely arise in these proceedings, and show as follows:

    I.       BOTTOMLINE AUTHORITY.

       An employer's choice to refuse to provide a disabled employee with a reasonable accommodation -- not allowing a disabled employee to work until she is no longer disabled and receives a 100% release to work -- is not only a per se violation of the ADA, *Dillard v. City of Austin, Texas*, 837 F.3d 557, 562 (5th Cir. 2016); *Taylor v. Phoenixville School Dist.*, 184 F.3d 296, 306 (3rd Cir. 1999), but also violates the employer's duty to engage in a good faith interactive process, in violation of the ADA. *EEOC v. Chevron Phillips Chem. Co., LP*, 570 F.3d 606, 621 (5th Cir. 2009) (citing *Cutrera v. Bd. of Supervisors of La. State Univ.*, 429 F.3d 108, 113 (5th Cir. 2005)).

    II.      UNDER THE ADA, AN EMPLOYER MAY NOT REFUSE TO ALLOW A DISABLED EMPLOYEE TO RETURN TO WORK UNTIL THE EMPLOYEE IS NO LONGER DISABLED, OR REQUIRE THE EMPLOYEE RECEIVE A 100% RELEASE TO WORK.

       The ADA, as amended by the ADAAA, prohibits disability discrimination, and provides that "[n]o covered entity shall discriminate against a qualified individual on the basis of disability

in regard to… the… discharge of [an] employee[]." 42 U.S.C. §12112(a). Under the ADA, the term 'discriminate against a qualified individual on the basis of disability' includes **not making reasonable accommodations** to the known physical or mental limitations of an otherwise qualified individual with a disability. *Dillard v. City of Austin, Texas*, 837 F.3d 557, 562 (5th Cir. 2016); *Taylor v. Phoenixville School Dist.*, 184 F.3d 296, 306 (3rd Cir. 1999).

The ADA does not require any "magic words" to trigger an employer's duty to engage in the interactive process, as all that is required is that the employer have sufficient information to "cause a reasonable employer to make appropriate *inquiries* about the *possible need* for an accommodation." *Colwell v. Rite Aid Corp.*, 602 F.3d 495, 507 (3rd Cir. 2010) (emphasis added) (citing *Taylor*, 184 F.3d at 313).

Once a disabled employee requests an accommodation, an employer is "obligated to engage in an interactive process: a meaningful dialogue with the employee to find the best means of accommodating that disability." *EEOC v. Chevron Phillips Chem. Co., LP*, 570 F.3d 606, 621 (5th Cir. 2009).

When an employer discharges an employee instead of considering the requested accommodation, an employer breaches its duty to engage in a good faith interactive process in violation of the ADA. *EEOC v. Chevron Phillips Chem. Co., LP*, 570 F.3d at 621 (citing *Cutrera v. Bd. of Supervisors of La. State Univ.*, 429 F.3d 108, 113 (5th Cir. 2005)).

An employer is also liable under the ADA for not providing a disabled employee with a reasonable accommodation when the "breakdown" in the interactive process is traceable back to the employer. *Allen v. Rapides Parish School Bd.*, 204 F.3d 619 (5th Cir. 2000) (citing *Beck v. University of Wisconsin Bd. of Regents*, 75 F.3d 1130, 1135 (7th Cir.1996)).

> The interactive process requires communication and good-faith exploration of possible accommodations between employers and individual employees…both

>sides must communicate directly, exchange essential information and neither side can delay or obstruct the process...Once the employer and employee have identified and assessed the range of possible reasonable accommodations, the legislative history directs that "the expressed choice of the applicant shall be given primary consideration unless another effective accommodation exists that would provide a meaningful equal employment opportunity."

*Barnett v. US. Air, Inc.*, 228 F.3d 1105, 1114-1115 (9th Cir. 2000), vacated in part on other grounds, *U.S. Airways, Inc. v. Barnett*, 535 U.S. 391 (2002) (citing S.Rep.No.101-116, at 35 (1989); H.R.Rep. No. 101-485, at 67 (1990); 29 C.F.R. Pt. 1630, App. §1630.9)).

"When an employer does not engage in a good faith interactive process, that employer violates the ADA including when the employer discharges the employee instead of considering the requested accommodations." *Chevron Phillips Chem. Co., LP*, 570 F.3d at 621; *see also Cutrera v. Bd. of Supervisors of La St. Univ.*, 429 F.3d 108, 113 (5th Cir. 2005) ("An employer may not stymie the interactive process of identifying a reasonable accommodation for an employee's disability by preemptively terminating the employee before an accommodation can be considered or recommended.").

Accordingly, an employer's choice to refuse to provide a disabled employee with a reasonable accommodation -- **not allowing a disabled employee to work until she is no longer disabled and receives a 100% release to work -- is a per se violation of the ADA**. *Dillard*, 837 F.3d at 562; *Taylor*, 184 F.3d at 306; *Equal Emp't Opportunity Comm'n v. Methodist Hosps. of Dall.*, 218 F. Supp. 3d 495, 502 (N.D. Tex. 2016) ("It is true that a policy requiring 100% recovery may violate the ADA.") (citing *Henderson v. Ardco, Inc.*, 247 F.3d 645, 653–654 (6th Cir. 2001)); *see also Steffen v. Donahoe*, 680 F.3d 738, 748 (7th Cir. 2012) ("Since a "100% healed" policy prevents individual assessment, it necessarily operates to exclude disabled people that are qualified to work, which constitutes a per se violation."); *Powers v. USF Holland, Inc.*, 667 F.3d 815, 819 (7th Cir. 2011) ("[A]ll courts 'agree that a 100% rule is impermissible as to a disabled

person....' " (quoting *Henderson v. Ardco, Inc.*, 247 F.3d 645, 653 (6th Cir. 2001)) (emphasis in original)).

Additionally, refusing to provide a disabled employee with a reasonable accommodation -- not allowing a disabled employee to work until she is no longer disabled and receives a 100% release to work -- **also violates the employer's duty to engage in a good faith interactive process**, in violation of the ADA. *Chevron Phillips Chem. Co., LP*, 570 F.3d at 621 (citing *Cutrera*, 429 F.3d at 113).

Moreover, the ADA prohibits an employer from:

> **using qualification standards, employment tests or other selection criteria that screen out or tend to screen out an individual with a disability** or a class of individuals with disabilities unless the standard, test or other selection criteria, as used by the covered entity, is shown to be job-related for the position in question and is consistent with business necessity[.]

42 U.S.C. §12112(b)(6). Accordingly, a policy which prevents an employee from returning to work unless 100% healed "falls within the definition of a 'qualification standard'", and would violate the ADA's prohibition on "qualification standards". *Equal Emp't Opportunity Comm'n v. United Parcel Serv., Inc.*, Cause No. 09 C 5291, at *3-4 (N.D. Ill. Feb. 11, 2014); 42 U.S.C. §12112(b)(6).

Thus, the ADA prohibits an employer from refusing to allow a disabled employee to return to work until the employee is no longer disabled, or requiring the employee receive a 100% release to work. *Dillard*, 837 F.3d at 562; *Taylor*, 184 F.3d at 306; *Methodist Hosps. of Dall.*, 218 F. Supp. 3d at 502 (citing *Henderson*, 247 F.3d at 653–654); *Steffen*, 680 F.3d at 748; *Powers*, 667 F.3d at 819 (quoting *Henderson*, 247 F.3d at 653); *Chevron Phillips Chem. Co., LP*, 570 F.3d at 621 (citing *Cutrera*, 429 F.3d at 113); 42 U.S.C. §12112(b)(6); *United Parcel Serv., Inc.*, Cause No. 09 C 5291, at *3-4.

**SIGNED** on this 11th day of August 2022.

                                    Respectfully submitted,

                                    **CHAVEZ LAW FIRM**
                                    2101 Stanton Street
                                    El Paso, Texas 79902
                                    (915) 351-7772

By: _____
                                    **Enrique Chavez, Jr.**
                                    enriquechavezjr@chavezlawpc.com
                                    State Bar No.: 24001873
                                    **Michael R. Anderson**
                                    manderson@chavezlawpc.com
                                    State Bar No.: 24087103
                                    *Attorneys for Plaintiff*

CERTIFICATE OF SERVICE

The foregoing instrument was e-filed and e-served on all counsel through the Court's e-filing system. Accordingly, the Federal Rules of Civil Procedure do not require a Certificate of Service. Fed. R. Civ. P. 5(d)(1)(B) ("No certificate of service is required when a paper is served by filing it with the court's electronic-filing system.").