## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

| | | |
|---|---|---|
| **ELIZABETH MARQUEZ,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CAUSE NO. EP-19-CV-341-KC** |
| | § | |
| **TE CONNECTIVITY** | § | |
| **CORPORATION,** | § | |
| | § | |
| **Defendant.** | § | |

## COURT'S INSTRUCTIONS TO THE JURY

MEMBERS OF THE JURY:

You have now heard all of the evidence in this case. It is almost time for you to begin your deliberations. But, first I must provide you with instructions.

In any jury trial there are, in effect, two judges. I am one of the judges; the other is you – the jury. It is my duty to preside over the trial and to decide what evidence is proper for your consideration. It is also my duty at the end of the trial to explain to you the rules of law that you must follow and apply in arriving at your verdict.

First, I will give you general instructions which apply in every case. For example, I will give you instructions about the burden of proof and how to judge the believability of witnesses. Then I will give you specific rules of law about this particular case. Finally, I will explain to you the procedures you should follow in your deliberations.

## DUTY TO FOLLOW INSTRUCTIONS

You, as jurors, are the judges of the facts. But in determining what actually happened –
that is, in reaching your decision as to the facts – it is your sworn duty to follow all of the rules
of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction, or to
question the wisdom or correctness of any rule I may state to you. You must not substitute or
follow your own notion or opinion as to what the law is or ought to be. It is your duty to apply
the law as I explain it to you, regardless of the consequences.

It is also your duty to base your verdict solely upon the evidence, without prejudice or
sympathy. That was the promise you made and the oath you took before being accepted by the
parties as jurors, and they have the right to expect nothing less.

During your deliberations, you must not communicate with or provide any information to
anyone by any means about this case. You may not use any electronic device or media, such as
the telephone, a cell phone, smart phone, iPhone, or computer, the Internet, any Internet service,
any text or instant messaging service, any Internet chat room, blog, or website such as Facebook,
Instagram, LinkedIn, YouTube or Twitter, to communicate to anyone any information about this
case or to conduct any research about this case until I accept your verdict. In other words, you
cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with
anyone about this case. You can only discuss the case in the jury room with your fellow jurors
during deliberations. I expect you will inform me as soon as you become aware of another
juror's violation of these instructions.

You may not use these electronic means to investigate or communicate about the case
because it is important that you decide this case based solely on the evidence presented in this

2

courtroom. Information on the internet or available through social media might be wrong, incomplete, or inaccurate. You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have. In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom. Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties in the case. This would unfairly and adversely impact the judicial process.

## BURDEN OF PROOF – PREPONDERENCE OF THE EVIDENCE

Plaintiff Elizabeth Marquez has the burden of proving her case by a preponderance of the evidence. To establish by a preponderance of the evidence means to prove something is more likely so than not so. If you find Plaintiff has failed to prove any element of her claim by a preponderance of the evidence, then she may not recover on that claim.

## USE OF NOTES

If you took notes during the trial, you should only use them as memory aids. You should not give your notes precedence over your independent recollection of the evidence. If you did not take notes, you should rely upon your own independent recollection of the proceedings and you should not be unduly influenced by the notes of other jurors.

Notes are not entitled to any greater weight than the memory or impression of each juror as to what the testimony may have been. Whether you took notes or not, each of you must form and express your own opinion as to the facts of the case.

EVIDENCE
EXCLUDING ARGUMENT OF COUNSEL AND COMMENT OF COURT

It is your duty to determine the facts. In doing so, you must consider only the evidence. The term evidence includes the sworn testimony of the witnesses, stipulations, and the exhibits admitted in the record. Anything you may have seen or heard outside the courtroom is not evidence and must be disregarded.

Remember that any statements, objections, or arguments made by the lawyers are not evidence. The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing to call your attention to certain facts or inferences that might otherwise escape your notice. In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case. What the lawyers say is not binding upon you.

During the trial, I occasionally made comments to the lawyers, asked questions of a witness, or admonished a witness concerning the manner in which he or she responded to the questions of counsel. I also sustained objections to certain questions and exhibits. Do not speculate as to what the witness would have said if permitted to answer the questions or as to the contents of an exhibit. Your verdict must be based solely on the legally admissible evidence and testimony.

Finally, do not assume from anything I may have said that I have or intended to suggest that I have any opinion concerning any of the issues in this case. No particular significance should be attached to any question or comment made by me. Except for my instructions to you on the law, you may disregard anything I may have said during the trial in arriving at your own findings as to the facts.

6

## OBJECTIONS AND RULINGS

It is the duty of the attorneys on each side of a case to object when the other side offers testimony or other evidence which may not be admissible. You should not infer any improper motive against an attorney or his or her client because the attorney has made such objections.

Allowing testimony or other evidence to be introduced over an objection is not intended to indicate any opinion as to the weight or effect of such evidence. You, the jurors, are the sole judges of the credibility of all witnesses and the weight and effect of all the evidence.

When an objection to a question has been sustained, the jury must disregard the question entirely and may draw no inference from the wording of it, or speculate as to what the witness would have said if he or she had been permitted to answer the question.

## EVIDENCE
## INFERENCES DIRECT AND CIRCUMSTANTIAL

While you should consider only the evidence, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the evidence.

You may consider both direct and circumstantial evidence. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of events and circumstances from which you may infer facts as are reasonable and logical.

The law makes no distinction between the weight you may give to either direct or circumstantial evidence. It requires only that you weigh all of the evidence. While you may draw reasonable inferences, you may not speculate or surmise as to any fact. Neither may you base an inference on any facts unless those facts have been found to have been proven.

8

## NO INFERENCE FROM FILING SUIT

The fact that a person brought a lawsuit and is in court seeking damages creates no inference that the person is entitled to a judgment. Anyone may make a claim and file a lawsuit. The act of making a claim in a lawsuit, by itself, does not in any way tend to establish that claim and is not evidence.

## EEOC FILING

Before a person files a lawsuit under the Americans with Disabilities Act, she must first file what is called a "charge" with the Equal Employment Opportunity Commission ("EEOC"). The EEOC is a federal agency; it is not part of the United States Court system. The EEOC follows different procedures and considers different evidence than the procedures that were followed and the evidence that was presented in this courtroom.

Although you may consider documents presented to or issued by the EEOC as evidence in this case, you do not need to give those documents, or the opinions expressed in them, any greater weight than any other evidence. You must consider all of the evidence presented at trial and make your own findings based on that evidence. You, the jury—and not the EEOC—are the sole judges of whether there was a violation of the Americans with Disabilities Act.

## CREDIBILITY OF WITNESSES

I have said that you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given the witness's testimony. An important part of your job will be making judgments about the testimony of the witnesses who testified in this case. You should decide whether you believe all or any part of what each person had to say, and how important that testimony was. In weighing the testimony of a witness, you should consider his or her relationship to the parties; his or her interest, if any, in the outcome of the case; his or her manner of testifying; his or her opportunity to observe or acquire knowledge concerning the facts about which he or she testified; his or her candor, fairness, and intelligence; and the extent to which he or she has been supported or contradicted by other credible evidence. You may, in short, accept or reject the testimony of any witness in whole or in part.

The weight of the evidence is not necessarily determined by the number of witnesses testifying as to the existence or non-existence of any fact. It is the quality and nature of the evidence that should determine the weight you give it. You may find that the testimony of a smaller number of witnesses, or even a single witness, as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

In weighing the testimony of a witness, you should consider his or her appearance upon the stand; you should try to size the witness up; you should have in mind all those little circumstances which point to his or her truthfulness or untruthfulness. You should consider any possible bias or prejudice he/she may have; his or her interest or lack of interest, of whatever sort, in the outcome of the trial and whether he/she has permitted bias or interest to color his or

11

her testimony; his or her ability to observe the facts correctly and to remember and relate them truly and accurately and not exaggerate them.

You should test the evidence the witness gives by your own knowledge of human nature and of the motives which influence and control human action. If any facts are admitted or otherwise proved to you, you may well bring them into relation with the witnesses' testimony and see if they fit together with it. In short, you are to bring to bear upon such testimony the same conditions and use the same sound judgment you apply to the questions of truth and veracity which are daily presenting themselves for your decision in the ordinary affairs of life.

The credit that you will give to the testimony offered by the various witnesses is something which you must determine. When a witness testifies inaccurately and you do not think that the inaccuracy was consciously dishonest, you should bear in mind, and scrutinize, the whole testimony of that witness. Thus, if you find that there has been inaccuracy in one respect on the part of a witness, remember it in judging the rest of his or her testimony and give it that weight which your common sense leads you to think it ought to have and which you would attach to it in the ordinary affairs of life.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause you, the jury, to discredit such testimony. Two or more persons witnessing the same incident or transaction may see or hear it differently. Innocent misrecollection, like failure of recollection, is not an uncommon experience. In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or to an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

12

If, however, you conclude that a witness has not only testified falsely, but that he or she has done so intentionally or willfully, the fact casts a very serious doubt upon all his or her testimony, and you might well conclude that you cannot accept any of it.

That, however, is a matter for you, the jury, to determine. Even though you may find that a witness intentionally gave false testimony as to certain matters, you may find that as to certain other matters he gave testimony worthy of acceptance by you as true. After all, whether you should believe all of that witnesses' testimony or believe any portion of it is for you to decide.

## IMPEACHMENT BY PRIOR INCONSISTENCIES

The testimony of a witness may be discredited by showing that the witness testified falsely concerning a material matter, or by evidence that at some other time the witness said or did something, or failed to say or do something, which is inconsistent with the testimony the witness gave at this trial.

Earlier statements of a witness were not admitted in evidence to prove that the contents of those statements are true. You may consider the earlier statements only to determine whether you think they are consistent or inconsistent with the trial testimony of the witness and therefore whether they affect the credibility of that witness.

If you believe that a witness has been discredited in this manner, it is your exclusive right to give the testimony of that witness whatever weight you think it deserves.

14

## BIAS – CORPORATE PARTY INVOLVED

Do not let bias, prejudice or sympathy play any part in your deliberations. A corporation and all other persons are equal before the law and must be treated as equals in a court of justice.

15

## CLAIM 1: FAILURE TO ACCOMMODATE

Plaintiff Elizabeth Marquez claims that Defendant TE Connectivity Corporation failed to reasonably accommodate Plaintiff's disability.

Defendant denies Plaintiff's claims and contends that its decision to place Plaintiff on leave was a reasonable accommodation at the time. Additionally, Defendant argues that, ultimately, no reasonable accommodation would have permitted Plaintiff to perform the essential functions of her position.

The law requires an employer to make reasonable accommodations for an employee's disability. Plaintiff's carpal tunnel syndrome and nerve pain in her right arm qualifies as a disability.

As part of her claim for failure to accommodate, Plaintiff claims that Defendant failed to engage in the interactive process. Once a qualified employee with a disability requests a reasonable accommodation, the employer is required to engage in an interactive process with that employee. This means that the employee and the employer must work together in good faith to determine what accommodation is necessary. If the employer refuses to engage in this interactive process, and that refusal leads to a failure to reasonably accommodate the employee, the employer violates the law.

However, the employee also has a responsibility to engage in this interactive process. If the interactive process breaks down, and that breakdown is traceable to the employee and not the employer, then the employer has not failed to engage in the interactive process.

Additionally, an employer is only required to engage in the interactive process if the employee is a qualified individual with a disability. Therefore, if you find that Plaintiff would

16

not have been able to perform the essential functions of her job even with a reasonable accommodation, then you cannot find that Defendant failed to engage in the interactive process.

To succeed on this claim, Plaintiff must prove each of the following by a preponderance of the evidence:

*First:* That Plaintiff could have performed the essential functions of her position if she had been provided with an accommodation at the time she requested it;

*Second:* That Plaintiff had carpal tunnel syndrome and nerve pain in her right arm;

*Third:* That Defendant knew of Plaintiff's carpal tunnel syndrome and nerve pain in her right arm;

*Fourth:* That Plaintiff requested an accommodation;

*Fifth:* That providing an accommodation would have been reasonable; and

*Sixth:* That Defendant failed to provide a reasonable accommodation.

17

## CLAIM 2: DISCRIMINATION

Plaintiff Elizabeth Marquez claims that Defendant TE Connectivity Corporation discriminated against her by terminating her employment because she had a disability. Defendant denies Plaintiff's claims and contends that she was terminated because, ultimately, no reasonable accommodation would have permitted Plaintiff to perform the essential functions of her position.

It is unlawful for an employer to discriminate against an employee because of the employee's disability. Unlawful discrimination can include terminating the employment of a qualified individual with a disability. Plaintiff's carpal tunnel syndrome and nerve pain in her right arm qualifies as a disability.

To succeed in this case, Plaintiff must prove each of the following by a preponderance of the evidence:

*First:* That Plaintiff had carpal tunnel syndrome and nerve pain in her right arm;

*Second:* That Defendant knew Plaintiff had carpal tunnel syndrome and nerve pain in her right arm;

*Third:* That Defendant terminated Plaintiff's employment;

*Fourth:* That Plaintiff was a qualified individual who could have performed the essential functions of her position when Defendant terminated her employment; and

*Fifth:* That Defendant terminated Plaintiff's employment because of her carpal tunnel syndrome and nerve pain in her right arm. Plaintiff does not have to prove that her carpal tunnel syndrome and nerve

18

pain in her right arm was the only reason Defendant terminated her

employment.

If Plaintiff has failed to prove any of these elements, then your verdict must be for

Defendant.

## CLAIM 3: RETALIATION
## (AMERICANS WITH DISABILITIES ACT)

Plaintiff Elizabeth Marquez claims that Defendant TE Connectivity retaliated against her because she took steps to enforce her lawful rights under federal law prohibiting discrimination based on disability in the workplace.

The federal law that prohibits discrimination in the workplace also prohibits an employer from retaliating against an employee because that employee has engaged in a protected activity by asserting rights or making complaints under that law. Requesting a reasonable accommodation is a protected activity under this law.

Plaintiff Elizabeth Marquez claims that Defendant TE Connectivity Corporation terminated Plaintiff's employment because Plaintiff requested a reasonable accommodation.

Defendant denies Plaintiff's claims and contends that she was terminated because, ultimately, no reasonable accommodation would have permitted Plaintiff to perform the essential functions of her position.

To succeed on her claim, Plaintiff must prove each of the following facts by a preponderance of the evidence:

*First:*       That Plaintiff requested a reasonable accommodation;

*Second:*    That Defendant terminated Plaintiff's employment; and

*Third:*      That Defendant terminated Plaintiff's employment on account of her request for a reasonable accommodation.

You need not find that the only reason for Defendant's decision was Plaintiff's protected activity. But you must find that Defendant's decision to terminate Plaintiff's employment would not have occurred in the absence of—but for—her protected activity.

20

## CLAIM 4: RETALIATION
## (TEXAS COMMISSION ON HUMAN RIGHTS ACT)

Plaintiff Elizabeth Marquez claims that Defendant TE Connectivity retaliated against her because she took steps to enforce her lawful rights under Texas law prohibiting discrimination based on disability in the workplace.

The Texas law that prohibits discrimination in the workplace also prohibits an employer from retaliating against an employee because that employee has engaged in a protected activity. Requesting a reasonable accommodation is only considered a protected activity under this law if the request alerts the employer to the employee's reasonable belief that the employer is engaging in possibly unlawful discrimination.

Plaintiff Elizabeth Marquez claims that Defendant TE Connectivity Corporation terminated her employment because Plaintiff requested a reasonable accommodation.

Defendant denies Plaintiff's claims and contends that she was terminated because, ultimately, no reasonable accommodation would have permitted Plaintiff to perform the essential functions of her position.

To succeed on her claim, Plaintiff must prove each of the following facts by a preponderance of the evidence:

*First:*    That Plaintiff reasonably believed that Defendant was engaging in possibly unlawful discrimination;

*Second:*    That Plaintiff's request for a reasonable accommodation alerted Defendant to Plaintiff's reasonable belief that Defendant was engaging in possibly unlawful discrimination;

*Third:*    That Defendant terminated Plaintiff's employment; and

21

*Fourth:*    That Defendant terminated Plaintiff's employment on account of her

opposition to a possibly unlawful discriminatory practice.

You need not find that the only reason for Defendant's decision was Plaintiff's protected

activity. But you must find that Defendant's decision to terminate Plaintiff's employment would

not have occurred in the absence of—but for—her protected activity.

## DEFINITIONS RELEVANT TO THE ABOVE CLAIMS

Essential Functions (Claims 1 and 2)

A "qualified individual" is one who, with or without reasonable accommodations, can perform the essential functions of the job. The term "essential functions" means the fundamental job duties of the employment position a plaintiff held. The term does not include the marginal functions of the position.

In determining whether a job function is essential, you should consider the following factors: the employer's judgment as to which functions are essential; written job descriptions; the amount of time spent on the job performing the function; the consequences of not requiring the person to perform the function; the work experience of persons who have held the job; the current work experience of persons in similar jobs; whether the reason the position exists is to perform the function; whether there are a limited number of employees available among whom the performance of the function is to be distributed; and whether the function is highly specialized and the individual in the position was hired for her expertise or ability to perform the function. You may also consider other factors.

Reasonable Accommodation (Claims 1–4)

The term "accommodation" means making modifications to the work place that allow a person with a disability to perform the essential functions of the job, to attain the level of performance available to similarly situated employees who are not disabled, or to enjoy equal benefits and privileges of employment as are enjoyed by similarly situated employees who are not disabled.

23

A "reasonable" accommodation is one that could reasonably be made under the circumstances. It may include, but is not limited to: (a) making existing facilities used by employees readily accessible to and usable by individuals with disabilities; or (b) job restructuring, reassignment to a vacant position, acquisition or modification of equipment or devices, appropriate adjustment or modifications of policies, and other similar accommodations for individuals with disabilities. There may be other reasonable accommodations.

Undue Hardship (Claims 1 and 2)

Defendant claims that Plaintiff's requested accommodations would have imposed an undue hardship on Defendant. An employer need not provide an accommodation to the known limitations of a qualified employee or applicant if the employer proves that the accommodation would impose an undue hardship on its business operations. The employer has the burden of proving by a preponderance of the evidence that the accommodation would have imposed an undue hardship.

An "undue hardship" is an action requiring the employer to incur significant difficulty or expense. Factors to be considered in determining whether the an accommodation would cause an undue hardship include: (a) the nature and cost of the accommodation; (b) the overall financial resources of the facility involved in the accommodation, the number of persons employed there, the effect on expenses and resources, or the impact otherwise on the facility's operation; (c) the overall financial resources of the employer, the overall size of the business with respect to the number of employees, and the number, type, and location of its facilities; (d) the type of operation of the employer, including the composition, structure, and functions of the workforce; and (e) the impact of the accommodation on the facility's operation.

24

## DUTY TO DELIBERATE

To reach a verdict, all of you must agree. Your verdict must be unanimous on every question on the verdict form. Your deliberations will be secret. You will never have to explain your verdict to anyone.

It is your duty to consult with one another and to deliberate in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if convinced that you were wrong. But do not give up your honest beliefs as to the weight or effect of the evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are judges – judges of the facts. Your duty is to decide whether the parties have proven their claims by preponderance of the evidence.

When you go to the jury room, the first thing that you should do is select one of your number as your foreperson, who will help to guide your deliberations and will speak for you here in the courtroom.

A verdict form has been prepared for your convenience.

The foreperson will write the unanimous answer of the jury in the space provided for each question. At the conclusion of your deliberations, the foreperson should date and sign the verdict.

If you need to communicate with me during your deliberations, the foreperson should write the message and telephone my Courtroom Deputy, Steve Applegate, at 9 (for outside line) 915-205-2543. I will either reply in writing or bring you back into the courtroom to answer your message.

Bear in mind that you are never to reveal to any person, not even to the court, how the jury stands, numerically or otherwise, on each question on the verdict form, until after you have reached a unanimous verdict.

When you have reached unanimous agreement as to your verdict, you will contact my chambers by telephone.  You will then be returned to the courtroom to announce your verdict.

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE