UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

ELIZABETH MARQUEZ,
    Plaintiff,
v.                                                Cause No. 3:19-cv-00341-KC

TE CONNECTIVITY CORPORATION,
    Defendant.

PLAINTIFF'S BRIEF AND MEMORANDUM OF LAW REGARDING A CONSISTENT
JURY VERDICT ON TWO CAUSES OF ACTION

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

Plaintiff Elizabeth Marquez ("Plaintiff") now files this Brief and Memorandum of Law to assist the Court on the legal issues regarding a consistent jury verdict on two causes of action, and shows as follows:

I.        BOTTOMLINE AUTHORITY.

A jury verdict finding a defendant liable under a state statute, but not a similar federal statute, is not inconsistent when the Court's jury instructions for each question were different because different answers to two different set of instructions can be logically reconciled and do not indicate confusion or abuse of power. *Riddle v. Tex-Fin, Inc.*, 719 F. Supp. 2d 742, 746-747 (S.D. Tex. 2010); *Carr v. Wal-Mart Stores Inc.*, 312 F.3d 667, 670 (5th Cir. 2002); *Willard v. the John Hayward*, 577 F.2d 1009, 1011 (5th Cir. 1978); *Atlantic Gulf Stevedores, Inc. v. Ellerman Lines, Ltd.*, 369 U.S. 355, 364, 82 S.Ct. 780, 7 L.Ed.2d 798 (1962); *Griffin v. Matherne*, 471 F.2d 911, 915 (5th Cir. 1973); *King v. Univ. Healthcare Sys*, 645 F.3d 713, 722 (5th Cir. 2011).

II. A JURY VERDICT FINDING A DEFENDANT LIABLE UNDER A STATE STATUTE, BUT NOT A SIMILAR FEDERAL STATUTE, IS NOT INCONSISTENT WHEN THE COURT'S JURY INSTRUCTIONS FOR EACH QUESTION WERE DIFFERENT.

A. JURY FINDINGS ARE NOT INCONSISTENT WHEN THE VERDICTS CAN BE LOGICALLY RECONCILED AND DO NOT INDICATE CONFUSION OR ABUSE OF POWER.

"If a jury returns a verdict that contains apparently inconsistent findings of fact, the court must attempt to reconcile the findings." *Riddle v. Tex-Fin, Inc.*, 719 F. Supp. 2d 742, 746 (S.D. Tex. 2010) (citing *Carr v. Wal-Mart Stores Inc.*, 312 F.3d 667, 670 (5th Cir. 2002); *Duk v. MGM Grand Hotel, Inc.*, 320 F.3d 1052, 1058-1059 (9th Cir. 2003)).

Specifically, the Court must find any possible way to reconcile the jury's verdict, and jury "[a]nswers should be considered inconsistent, however, only if there is no way to reconcile them." *Willard v. the John Hayward*, 577 F.2d 1009, 1011 (5th Cir. 1978) (citing *Atlantic Gulf Stevedores, Inc. v. Ellerman Lines, Ltd.*, 369 U.S. 355, 364, 82 S.Ct. 780, 7 L.Ed.2d 798 (1962); *Griffin v. Matherne*, 471 F.2d 911, 915 (5th Cir. 1973)); *King v. Univ. Healthcare Sys*, 645 F.3d 713, 722 (5th Cir. 2011) (same).

When determining whether the jury's verdict can be reconciled, courts look to "whether the jury's answers can be said to represent a logical and probable decision on the relevant issues as submitted." *Willard*, 577 F.2d at 1011 (quoting *Griffin v. Matherne*, 471 F.2d 911, 915 (5th Cir. 1973), internal quotation marks omitted).

Examples of "irreconcilably inconsistent" jury verdicts are situations where the verdicts are "logically incompatible, thereby indicating that the jury was confused or abused its power", *Riddle*, 719 F. Supp. 2d at 746 (quoting *Johnson v. ABLT Trucking Co.*, 412 F.3d 1138, 1144 (10th Cir. 2005)), such as "when the jury answers additional questions that should not have been answered in light of a predicate question", *Riddle*, 719 F. Supp. 2d at 747 (citing *Carr v. Wal-Mart Stores Inc.*, 312 F.3d 667, 674 (5th Cir. 2002)).

Under this high bar, a jury verdict is not "irreconcilably inconsistent" even if the verdict "can be explained by assuming the jury reasonably misunderstood the instructions." *Willard*, 577 F.2d at 1011; *Griffin*, 471 F.2d at 915 ("This court has stated that the test to be applied in reconciling apparent conflicts between the jury's answers is whether the answers may fairly be said to represent a logical and probable decision on the relevant issues as submitted, even though the form of the issue or alternative selective answers prescribed by the judge may have been the likely cause of the difficulty and largely produced the apparent conflict.") (citing *R.B. Company v. Aetna Insurance Company*, 299 F.2d 753, 760 (5th Cir. 1962)).

      B.      **DIFFERENT JURY ANSWERS TO TWO DIFFERENT SET OF INSTRUCTIONS CAN BE LOGICALLY RECONCILED AND DO NOT INDICATE CONFUSION OR ABUSE OF POWER.**

For these reasons, a jury verdict finding a defendant liable under a state statute, but not a similar federal statute, is not inconsistent when the Court's jury instructions for each question were different because different answers to two different set of instructions can be logically reconciled and do not indicate confusion or abuse of power. *Riddle*, 719 F. Supp. 2d at 746-747; *Carr*, 312 F.3d at 670; *Willard*, 577 F.2d at 1011; *Griffin*, 471 F.2d at 915; *King*, 645 F.3d at 722.

**SIGNED** on this 22nd day of August 2022.

                                                Respectfully submitted,

                                                **CHAVEZ LAW FIRM**
                                                2101 Stanton Street
                                                El Paso, Texas 79902
                                                (915) 351-7772

                     By:  _____
                                                **Enrique Chavez, Jr.**
                                                enriquechavezjr@chavezlawpc.com
                                                State Bar No.: 24001873
                                                **Michael R. Anderson**
                                                manderson@chavezlawpc.com
                                                State Bar No.: 24087103
                                                *Attorneys for Plaintiff*

CERTIFICATE OF SERVICE

The foregoing instrument was e-filed and e-served on all counsel through the Court's e-filing system. Accordingly, the Federal Rules of Civil Procedure do not require a Certificate of Service. Fed. R. Civ. P. 5(d)(1)(B) ("No certificate of service is required when a paper is served by filing it with the court's electronic-filing system.").